**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

START FRESH CARPET CLEANING, INC.,

    Plaintiff,

v.                                                      10-CV-10136

INDEPENDENT MITIGATION & CLEANING,
ET AL.,

    Defendant.
                                          /

**ORDER STRIKING DEFENDANTS' "ANSWER TO COMPLAINT"**
**AND SETTING DEADLINE FOR PROPERLY-FILED ANSWER**

On January 14, 2010, Defendants filed a document, docketed as their "Answer to Complaint" but entitled as an "APPEARANCE, NOTICE OF APPEARANCE, ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, DEMAND FOR REPLY TO AFFIRMATIVE DEFENSES, RELIANCE UPON JURY DEMAND; FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF AND CERTIFICATE OF SERVICE."

The document indeed includes an Answer but also incorporates eight other separate pleadings or papers in the course of its twenty-seven pages. The document includes wholly extraneous matters such as notices, interrogatories, requests for production, and other demands. There are a number of problems with this document.

First, every paper presented for filing "must show . . . the name or nature of the paper in sufficient detail for identification." E.D. Mich LR 5.1(a). The instant document, docketed as only Defendants' "Answer," is not sufficiently identified. To collapse into one document so many disparate papers appears to the court as inappropriate under 18 USC § 1927 as well. That statute cautions attorneys to avoid "multipl[ying] the

proceedings in any case unreasonably . . . " and authorizes courts to impose cost-shifting monetary sanctions in egregious cases.  Second, discovery material may never be filed with the court under circumstances such as these.  E.D. Mich Local Rule 26.2.

Finally, while is common and unobjectionable practice to append a list of affirmative defenses to an Answer, the court admonishes Defendants' counsel to carefully examine the factual basis in hand for any affirmative defenses intended to be asserted.  Frivolous defenses –including those that are presently unsustainable– will be stricken.  See Fed. R. Civ. P. Rule 16(c)(1) ("[T]he court may take appropriate action, with respect to the formulation and simplification of the issues, including the elimination of frivolous claims or defenses.")  Defendants' list of affirmative defenses here includes things such as an assertion that "pursuant to the terms and conditions of the contract alleged herein, the law of the State of Illinois applies."  An assertion that the application of Illinois law constitutes a defense is, at best, misplaced, and appears simply frivolous.

Also included is an assertion that the complaint fails "to state a cause of action" (and separately that the complaint "fails to state a claim upon which relief can be granted," apparently presented as a distinct proposition).  An examination of the Complaint shows that it alleges, in essence, a contract running between the parties (either express or implied), a breach and damages.  If Defendants are as prepared as they seem to assert and prove that a complaint claiming a breach of contract "fails to state a cause of action" under Michigan law, Defendants are advised to file a motion with a brief in support of that concept at the earliest opportunity.

Accordingly, IT IS ORDERED THAT the document filed on January 14, 2010 [Dkt #3] is hereby STRICKEN from the docket of this court, and Defendants are ORDERED to file their Answer in proper form not later than January 20, 2010.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  January 15, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 15, 2010, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522