**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

START FRESH CARPET CLEANING, INC.,

    Plaintiff,

v.                                                        Case No. 10-10136

INDEPENDENT MITIGATION & CLEANING, et al.,

    Defendants.
                                                       /

**ORDER IMPOSING CONDITIONS ON PLAINTIFF'S COUNSEL**

Pending before the court is an August 12, 2010 motion filed by Plaintiff's attorney Robin H. Kyle. Defendant responded on August 18, 2010, and concurs. Kyle argues that he should be allowed to withdraw because Plaintiff has failed to pay his legal fees and because there has been a breakdown in the attorney client relationship.

On August 25, 2010, the court held a hearing on the motion. Defense counsel and Kyle appeared. A representative for Plaintiff, Robert Kendrick, also appeared at the hearing and spoke on behalf of Plaintiff.

Kyle argues that he has not been paid for over a month and that Plaintiff stopped payment on a $2000 check that was supposed to be applied to the outstanding fees. Plaintiff, through its representative, asserts that it has already paid $7500 in fees, which Kyle does not deny. Plaintiff also asserts that Kyle has been unreasonable in his demands for payment and has overcharged Plaintiff. In any event, it is clear that Plaintiff is no longer satisfied with Kyle's representation. Accordingly, the court will allow Kyle to withdraw.

The court finds, however, that two conditions of withdrawal are necessary. First,

Kyle will be required to provide, at no cost, Plaintiff's file (e.g., all documents related to the representation, and discovery materials) to Plaintiff. Kyle should provide them by September 2, 2010. Second, Kyle must provide a copy of this order to Plaintiff on or before September 2, 2010. Accordingly, the court will not grant Kyle's motion to withdraw until he has filed a notice of compliance indicating that he has complied with these two provisions. He must file the notice on or before September 3, 2010.

Plaintiff is cautioned that, because it is a corporation, **Plaintiff may not proceed without an attorney.** Once the court enters the order allowing Kyle to withdraw, Plaintiff will have fifty-six days (eight weeks) to find an attorney. If no attorney has made an appearance in this case by the end of that period, the court will issue an order directing Plaintiff to show cause in writing why his case should not be dismissed for failure to prosecute. Failure to adequately respond to the order to show cause will very likely result in the dismissal of this case. Accordingly,

IT IS ORDERED that Kyle shall provide a copy of Plaintiff's file to Plaintiff on or before **September 2, 2010**.

IT IS FURTHER ORDERED that Kyle shall give a copy of this order to Plaintiff on or before **September 2, 2010**.

IT IS FURTHER ORDERED that Kyle is DIRECTED TO FILE a notice of compliance indicating that he complied with this order on or before **September 3, 2010**.

                                          s/Robert H. Cleland
                                          ROBERT H. CLELAND
                                          UNITED STATES DISTRICT JUDGE

Dated: August 27, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 27, 2010, by electronic and/or ordinary mail.

                                              s/Lisa G. Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522